*GRANVILLE (VIL.) v. CRAWFORD NAT. GAS & FUEL CO.

1. Petition Seeking to Enjoin Gas Company from Charging Higher Price for Gas than New Price Arbitrarily Fixed by Council is Demurrable.

Demurrer lies to the petition of a municipality to enjoin a gas company, after the exercise of its franchise for ten years, from charging prices to consumers in excess of the maximum metered and flat rate prices fixed by ordinance for the ensuing term and from shutting off gas to consumers refusing to pay the minimum metered only rate declared by the company.

2. Answer Denying Passage of Ordinance Pleaded and Asserting Invalidity thereof not Demurrable.

An answer of a gas company, denying knowledge of the due and legal passage of an ordinance fixing the price of gas other than averred in the petition, admitting notice of the passage of said ordinance but averring its nonacceptance and repudiation of the terms and conditions thereof and its giving notice to the municipality of its rejection of the ordinance, and alleging the invalidity of the ordinance, is not demurrable.

[Syllabus approved by the court.]

APPEAL from common pleas court.

A. A. Stasel, for plaintiff.

L. B. Denning and W. H. Thompson, for defendant.

## PER CURIAM.

The plaintiff filed its petition in the court of common pleas, alleging that it is an incorporated village of the state of Ohio; that the defendant is a corporation, doing business in Ohio in the way of furnishing natural gas for fuel and light to the village of Granville and its inhabitants aforesaid, by virtue of a franchise granted by the council of said village to the defendant company on June 7, 1898. That by the ordinance granting such franchise, there was granted to the defendant company the right and privilege of laying pipes through the streets of said village for the purpose of supplying and conveying gas to the inhabitants of the village for the period of 25 years. Said ordinance further provided that, for ten years from the passage of

*Reversing, on appeal, Granville v. Gas & Fuel Co. 23 Dec. 694.

Granville v. Gas & Fuel Co.

the same, the defendant should have the right to charge the consumers of gas twenty-five cents per thousand cubic feet, meter measurement.

Said period of ten years having expired, the plaintiff by its council, duly and legally passed an ordinance on June 2, 1908, fixing the price which said defendant might be allowed to charge for gas furnished said village, and its inhabitants, at the rate of fifteen cents per thousand cubic feet, and which price should prevail, by the terms of said ordinance, for the period of ten years, the defendant to supply meters to all who desired gas at meter measurement. Said ordinance further provided that the consumer should have the option to take gas at either meter measurement or flat rate, and fixed the flat rate for the price of gas which the defendant company should be allowed to charge, and which rate was that it should not charge more than five cents per month for each gas light; for a cooking stove in private house, $2 a month from October 1st to May 1st of each year, and $1.50 a month for the period of the year from May 1st to October 1st; for each heating-stove, grate or fire-place used in a private family, $2.50 per month from October 1st to May 1st of each year, for each furnace, hot mater, steam, or hot air apparatus in private family, $7 per month from October 1st to May 1st, of each year.

Said petition also avers that said prices so fixed are reasonable. That the defendant operating under said ordinance, notified the inhabitants of said village that on and after a certain date named, the price for gas will be twenty-two cents per thousand cubic feet, and that unless this price is paid by the people of the said village the defendant will stop the supply and refuse to furnish gas at any less rate or price, and that said company intends to make the price for all gas furnished on and after the date named, to-wit: November 1, 1910, the sum of twenty-two cents per thousand cubic feet and no less. That unless restrained by the court, the consumers' of gas furnished by the defendant will be required to pay twenty-two cents per thousand cubic feet, contrary to the provisions of such ordinance.

It further alleges that the defendant company, contrary to

17 O.C.C. Vol. 34

the provisions of said ordinance, will refuse to furnish gas to the inhabitants of said village other than at meter rate, and refuses and will refuse to furnish gas at the rates provided in said ordinance, commonly called flat rates, or rates by the month with certain appliances.

The plaintiff prays for an injunction restraining the defendant from charging prices in excess of the amount fixed by said ordinance to either the village of Granville or to the inhabitants thereof, and from refusing to furnish gas other than by meter and at meter rates.

It further asks that defendant be restrained from shutting off the supply of gas to the village or the inhabitants of said village in the event that persons refuse to pay the price in excess of the price fixed by said ordinance.

A temporary injunction was allowed on said petition, to which a demurrer was filed. The demurrer, on hearing, was overruled, to which exceptions were noted.

The defendant filed its answer, in which it admitted the corporate capacity of the plaintiff and the defendant, as alleged in the petition. It also admitted the passage of the ordinance of June 7, 1898, and that, by said ordinance, it acquired the privilege of laying its pipes through the streets and alleys of said village for the purpose of supplying natural gas to the inhabitants of said village for the period of 25 years. The provisions of said ordinance as to the price to be charged consumers were admitted. It admits the acceptance of said ordinance, and that it has been doing business in said village under the terms thereof. The answer further alleges that the defendant had no knowledge of the due and legal passage of the ordinance of June 2, 1908, other than the averments contained in the petition, and denies the same.

It admits that it was notified of the alleged passage of said ordinance, but avers that it never accepted the terms and conditions of the same, but on the contrary, expressly repudiated said ordinance, and notified the plaintiff of its refusal to accept under said ordinance immediately after the notice of the alleged passage thereof had been given.

Granville v. Gas & Fuel Co.

For a second defense, the defendant adopts the averments of its first defense, and alleges that said ordinance of June 2, 1908, is contrary to and in violation of Art. 2, Sec. 1, of the bill of rights, constitution of the state of Ohio, and, for this reason, is null and void.

For a third defense, the defendant adopts the averments of the first defense, and says that the said alleged ordinance of June 2, 1908, is contrary to and in violation of Art. 1, Sec. 19, of the bill of rights, constitution of the state of Ohio, and is therefore null and void, and of no effect for the reason that it is a taking of private property without process of law.

For a fourth defense, it adopts the averments of the first defense, and says that the alleged ordinance of June 2, 1908, is contrary to and in violation of Art. 14, Sec. 1, of the amendments to the constitution of the United States of America and is therefore null and void, and of no effect, for the reason that it is a denial to this defendant of the equal protection of the laws, in that it attempts to compel the defendant company to furnish gas in a manner and at a price entirely at the option of the consumer, without the consent of the defendant thereto.

To this answer a demurrer was filed by the plaintiff, and, on hearing, the demurrer was sustained.

The defendant then came to this court by appeal, and a motion has been filed in this court to dissolve the injunction allowed in the court of common pleas.

The motion is based upon the following grounds:

1st. That the plaintiff has not legal capacity to maintain the action as brought.

2nd. The facts set forth in said petition are insufficient in law to entitle plaintiff to the relief sought by way of injunction.

It will be observed that the motion is, in effect, a demurrer.

The cause comes on to be heard in this court on said appeal. On consideration whereof, the court is of the opinion that the demurrer to the answer should be overruled.

And coming on further to be heard upon demurrer to the petition, the court is of opinion that said demurrer is well taken, and should be sustained.

Licking County Circuit.

The injunction heretofore allowed is dissolved, and the petition of the plaintiff dismissed, with costs.

A motion for a new trial is overruled, and exceptions.

---

## AUTOMOBILES—DEATH.

[Hamilton (1st) Court of Appeals, July 23, 1913.]

Swing, Jones and Jones, JJ.

SAMUEL SHOTT, ADMR. V. EDNA FARRIN KORN, ET AL.

**Owner of Automobile not Liable for Death of Pedestrian Killed While Crossing Street at Intersection with Automobile in Full View.**

An owner of an automobile is not liable for the death of a pedestrian, killed while attempting to cross a well lighted street intersection at night, in front of a rapidly approaching automobile, in full view and with lights brightly burning; hence, in an action for wrongful death against such owner a verdict for defendant is properly instructed.

ERROR to Cincinnati superior court.

*Horace A. Reeve* and *Joseph L. Meyer,* for plaintiff in error.
*Worthington & Strong* and *Albert Bettinger,* for defendant in error.

**SWING, J.**

This case is here on error to the judgment of the superior court of Cincinnati. In that court it was an action for the wrongful death of Benjamin Shott. The trial court at the conclusion of plaintiff's testimony on motion of the defendants directed the jury to return a verdict for the defendants.

The accident occurred at 8:37 o'clock on the evening of May 5, 1912. Benjamin Shott was killed by being struck by an electric automobile, the property of Edna Farrin Korn, at the intersection of Rockdale avenue and Reading road in this city. Shortly before the accident it had been raining, but it was not raining at the time. The automobile was coming south of Reading road and the decedent, Shott, was preparing to cross Reading road from east to west. The automobile had its lights burning and the street at that point was lighted by electric lights, so that Shott could have seen the automobile and the driver of the automobile could have seen Shott. There were